[DO NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13 2007
THOMAS K. KAHN
CLERK

No. 06-15537
Non-Argument Calendar
_____

D. C. Docket No. 06-00134-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT CLEMENDOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 13, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Robert Clemendor appeals his 37-month sentence for failing to appear to

begin service of his sentence, in violation of 18 U.S.C. § 3146(a)(2).  On appeal,

Clemendor argues that the district court erred by applying a three-level increase to

his offense level under U.S.S.G. § 2J1.7 when calculating his advisory sentencing range, pursuant to the U.S. Sentencing Guidelines, because it is unclear whether § 2J1.7 and its related statute, 18 U.S.C. § 3147, apply to the crime of failing to appear to begin service of a sentence, a violation of § 3146(a)(2). In support of this argument, Clemendor relies on an amendment to the Guidelines, which became effective after imposition of Clemendor's sentence and which Clemendor says makes the § 2J1.7 three-level enhancement applicable to a defendant convicted of violating 18 U.S.C. § 3146 only if the defendant obstructed an investigation or trial. According to Clemendor, application of both § 3146 and § 3147, as well as § 2J1.7, resulted in improper double counting, based on the same offense conduct, under the Guidelines. He also challenges the reasonableness of his sentence. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

We review the district court's interpretation and application of the Sentencing Guidelines de novo. See United States v. Bozza, 132 F.3d 659, 661 (11th Cir. 1998). Our review of a claim of double counting under the Guidelines is de novo. See United States v. Perez, 366 F.3d 1178, 1183 (11th Cir. 2004). After United States v. Booker, 543 U.S. 220 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated advisory Guidelines range and the 18 U.S.C. § 3553(a) factors. See United States v. Talley, 431 F.3d

784, 786 (11th Cir. 2005). On appeal, we review the defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

The relevant facts are straightforward. On April 11, 2006, Clemendor was indicted on one count of failing to surrender for service of his sentence, in violation of 18 U.S.C. § 3146(a)(2). He pled guilty to the charge and proceeded to sentencing. According to the Presentence Investigation Report ("PSI"), in October 2005, Clemendor had pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. On February 2, 2006, he was sentenced on that charge to a 48-month term of imprisonment. At the sentencing hearing for the wire fraud conviction, Clemendor asked the district court to allow him to voluntarily surrender for service of his sentence because he needed to arrange for the care of his daughter. The court granted the request and gave Clemendor five days to self-surrender. Five days later, on February 7th, Clemendor told his pretrial services officer that he was driving to Atlanta to self-surrender, but he never appeared at the pretrial services office. Over two months later, on April 11, 2006, a warrant was issued for his arrest and the instant indictment issued. Clemendor was arrested in West Palm Beach on May 1, 2006.

The PSI recommended a base offense level of 11, pursuant to U.S.S.G. § 2J1.6(a)(1), which applies to a defendant who has failed to appear if the offense constituted a failure to report for service of sentence. The PSI also recommended a three-level increase in the offense level, pursuant to U.S.S.G. § 2J1.7, because Clemendor had committed the failure-to-appear offense while on release, and a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). With an adjusted offense level of 12 and a criminal history category VI (based on 19 criminal history points), Clemendor faced an advisory Guidelines range of 30 to 37 months' imprisonment.

Clemendor lodged various objections to the PSI, including to the three-level increase of his offense level under § 2J1.7. At the sentencing hearing, Clemendor argued that he had not received proper notice that the government was going to seek the enhancement. He also asserted that application of the enhancement resulted in improper double counting because he would be penalized for the same conduct twice, and that the statute underlying § 2J1.7, 18 U.S.C. § 3147, was ambiguous such that application of the statute would violate the rule of lenity.

The district court overruled Clemendor's objection, stating that the PSI and the release form Clemendor signed in connection with the underlying fraud case provided adequate notice of the possibility of the enhancement and of the fact that he would be penalized if he failed to appear to serve his sentence. The court also

4

rejected Clemendor's double counting argument. The court adopted the PSI's recommendations and then heard Clemendor's argument in support of mitigation.

Clemendor argued that a Guidelines sentence would be too high, and urged the court to impose a one-year sentence in light of the fact that he also would be serving a 4-year term for his original fraud conviction. He also highlighted that he had turned himself in willingly once he was contacted by authorities, and part of the reason for his failure to appear was that he had to find adequate care for his three-year-old daughter. In further support of a below-range sentence, Clemendor urged that a 30- to 37-month sentence would provide for an unwarranted sentencing disparity, and that a one-year sentence would adequately deter him and others.

Clemendor also presented the testimony of his mother and his own testimony in support of mitigation. His mother stated that her son had turned his life around, and that even though she was going to be taking care of his child while he was in prison, she was 74 years old and afraid of what would happen to the child if she passed away. Clemendor asked the court for mercy and reiterated that his failure to appear was due to his desire to put his daughter in a better situation.

The government responded Clemendor had been shown leniency in the past and had been given "the benefit of the doubt" on several occasions. The government highlighted that a probation officer had contacted Clemendor five days

5

after his release and told him to turn himself in at the U.S. Marshal's office. Clemendor had claimed that he was on his way to turn himself in, but he never showed up. The government argued that Clemendor had exhausted all good faith, and a sentence within the Guidelines range was reasonable.

In imposing sentence, the district court stated that it was considering the following factors under 18 U.S.C. § 3553(a): (1) the circumstances of the offense; (2) Clemendor's background and criminal history; (3) the seriousness of the offense; (4) the need to deter others; and (4) the need to protect the public. The court said that Clemendor had violated the court's trust, and that the public needed to be protected from him because he could not be trusted. The court stated that Clemendor deserved a long sentence because he had violated the court's trust and put money in front of his freedom and his daughter's needs. The district court sentenced Clemendor to a 37-month sentence that would run consecutively to the term of imprisonment imposed for his original fraud conviction. The court also indicated to Clemendor's mother that it had considered her letter and testimony, and, while it was happy that she was going to be caring for Clemendor's daughter, Clemendor had to be punished.

Clemendor renewed his objections and also argued that the sentence was not reasonable as the court had not adequately considered the factors listed in § 3553(a). The district court responded that it had listed the factors it had considered

and also stated that it wanted to be "very clear" that it was relying on all of the sentencing factors set forth in § 3553(a). This appeal followed.

First, Clemendor challenges application of the three-level enhancement to his offense level, pursuant to § 2J1.7, arguing that amendments to the Guidelines, which took effect after his sentencing, prohibited application of the enhancement because he did not obstruct the investigation or trial of the underlying wire fraud case. He also contends that the related statute, 18 U.S.C. § 3147, is ambiguous and, accordingly, should not apply to him, pursuant to the rule of lenity. He urges that application of § 3147 to a § 3146 violation results in improper double counting at sentencing.

Clemendor was convicted of violating 18 U.S.C. § 3146(a)(2), which provides that a person who, having been released under Title 18, Chapter 207, "Release and Detention Pending Judicial Proceedings," knowingly fails to surrender for service of his sentence shall be punished by imposition of a fine, imprisonment for not more than 10 years, or both, when the underlying offense was punishable by a term of imprisonment of 15 years or more. See 18 U.S.C. § 3146(a)(2). The statutory maximum for Clemendor's underlying offense, conspiracy to commit wire fraud, was 20 years' imprisonment. See 18 U.S.C. §§ 1343, 1349. Under the Sentencing Guidelines, the base offense level for a

defendant who commits the offense of failing to report for service of a sentence is

11.  See U.S.S.G. § 2J1.6(a)(1) (Nov. 2005).

> Section 3147 of Title 18, in turn, provides in relevant part:
>
> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to--
>
> (1) a term of imprisonment of not more than ten years if the offense is a felony;
>
> . . . .
>
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147.  The Sentencing Guidelines provide that if an enhancement under § 3147 applies, a defendant's offense level is increased by three levels.  See U.S.S.G. § 2J1.7 (Nov. 2005).

The application of § 3147, and consequent assessment of § 2J1.7's 3-level increase to the offense level to enhance a sentence, to the crime of failing to appear under § 3146 is a question of first impression in this Circuit.  As we explain, in light of the unambiguous language of the pertinent statutes and our sister circuits' consistent treatment of this very issue, we are unpersuaded by Clemendor's argument that the applicable statutory provisions are ambiguous and that this Court should interpret them in a manner favorable to him under the rule of lenity. See Dunn v. United States 442 U.S. 100, 112 (1979) (discussing the rule of lenity).

Because we conclude the district court did not err by applying the enhancement provision of § 3147, we also find that the increase to Clemendor's offense level was not error. Nor do we find that the 2006 amendments to the Sentencing Guidelines change the application of § 2J1.7 to Clemendor's offense level.

"[I]n the case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." Hughes Aircraft Co. v. Jacobson, 535 U.S. 432, 438 (1999) (citation and quotations marks omitted); see also Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992) ("In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished."). Simply put, in the face of an unambiguous criminal statute, the rule of lenity does not apply. See United States v. Johnson, 529 U.S. 53, 59 (2000); see also Albernaz v. United States, 450 U.S. 333, 342 (1981) (observing that the rule of lenity "serves only as an aid for absolving an ambiguity; it is not used to beget one.").

Here, the language of § 3147 provides a clear answer. The statute unambiguously applies to defendants, such as Clemendor, who are convicted of an offense committed while on release. Because Clemendor was convicted of violating § 3146 while released under Chapter 207, the enhancement under § 3147

9

applied for purposes of sentencing. Our conclusion that § 3147 is not ambiguous, even where the underlying crime is a violation of § 3146, is consistent with the analysis of this issue by our sister circuits. As the Fourth Circuit has held: "Section 3147 plainly applies, without exception, to offense committed while on release under Chapter 207 of Title 18. Fitzgerald's failure to appear, which violated § 3146, is clearly an offense committed while on release under chapter 207." United States v. Fitzgerald, 435 F.3d 484, 486 (4th Cir. 2006).

Speaking to the very same issue, the Sixth Circuit also has rejected a defendant's argument that § 3147 was ambiguous. See United States v. Benson, 134 F.3d 787, 788 (6th Cir. 1988) ("Section 3147 is not ambiguous, as it clearly states that it applies to 'a person convicted of an offense committed while under release under this chapter [207] . . . [and] clearly and unambiguously mandates that the courts impose additional consecutive sentences on persons convicted of crimes they committed while released on bond." (citation omitted)); Accord United States v. Patterson, 820 F.2d 1524, 1526 (9th Cir. 1987).

Because the plain and unambiguous language of § 3147 makes clear that the statute applies, without exception, to offenses committed while on release under Chapter 207 of Title 18, Clemendor's violation of § 3146 comes within the ambit of § 3147. Moreover, application of the sentencing enhancement of § 3147 to a § 3146 offense does not amount to double counting, nor does it implicate principles

of Double Jeopardy. Clemendor suggests that he is being punished twice for the same conduct. However, for Double Jeopardy purposes, the test is not whether Congressionally authorized penalties amount to a double counting. Indeed, the Supreme Court has held, in connection with a challenge to another sentence-enhancing statutory provision, 18 U.S.C. § 924(c), which enhances a sentence for using, carrying, or possessing a firearm during and in relation to a crime of violence or a drug trafficking crime, that the Double Jeopardy Clause is not implicated when Congress imposes cumulative or multiple penalties. See Whalen v. United States, 445 U.S. 684, 688-89 (1980).

Rather, a double jeopardy violation occurs when courts impose cumulative or multiple penalties without Congressional authorization. Id. "[S]imply because two criminal statutes may be construed to proscribe the same conduct . . . does not mean that the Double Jeopardy clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." Missouri v. Hunter, 459 U.S. 359, 366 (1983). As we have observed, "[w]here the legislature mandates cumulative punishments under two statutes, regardless of whether those statutes proscribe the same course of conduct, the trial court must impose cumulative punishment." United States v. Strickland, 261 F.3d 1271, 1274 (11th Cir. 2001) (emphasis added). Here, because no cumulative or multiple punishment was imposed, let alone was imposed without Congressional authorization, the district

11

court did not err by applying § 3147's enhancement provision to a § 3146 violation. Indeed, we could reach no other result given the plain and unambiguous language of Congress on the matter.

Because 18 U.S.C. § 3147 unambiguously applies when, as here, a defendant has been convicted of an offense under Chapter 207 of Title 18, it is equally clear that the district court did not err in applying U.S.S.G. § 2J1.7 when calculating Clemendor's advisory Guidelines range. Clemendor's base offense level, before any adjustments, for failing to report for service of his sentence, a violation of § 3146(a)(2), was 11. See U.S.S.G. § 2J1.6(a)(1) (Nov. 2005). In calculating a defendant's offense level, where a defendant has committed an offense while on release, the applicable version of the Sentencing Guidelines provides: "If an enhancement under 18 U.S.C. § 3147 applies, add three levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guidelines for the offense committed while on release." U.S.S.G. § 2J1.7 (Nov. 2005). The application notes state that "[b]ecause 18 U.S.C. § 3147 is an enhancement provision, rather than an offense, this section provides a specific offense characteristic to increase the offense level for the offense committed while on release." U.S.S.G. § 2J1.7 cmt. (n.1) (2005).

Because Clemendor was subject to a § 3147 enhancement, § 2J1.7 applied to him. Section 2J1.7 gives effect to the unambiguous language of § 3147, which

12

mandates that an additional consecutive penalty be imposed when a defendant commits an offense while on release. The commentary to § 2J1.7 explains that "in order to comply with [§ 3147], [a court] should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement." U.S.S.G. § 2J1.7 comment. (n.2). Clemendor urges that application of both § 2J1.6 and § 2J1.7 resulted in improper double counting under the Sentencing Guidelines. Again, we are unpersuaded by his argument.

Clemendor's base offense level for a violation of § 3146 is found in § 2J1.6, which concerns Clemendor's offense of conviction. Section 3147, in turn, and the related Guidelines provision, § 2J1.7, constitutes "an enhancement provision, rather than an offense [and] provides a specific offense characteristic to increase the offense level for the offense committed while on release." § 2J1.7 comment. (n.1). Because § 2J1.6 sets the base offense level for violations of 18 U.S.C. § 3146, while § 2J1.7 is an enhancement provision related to 18 U.S.C. § 3147, these two Guidelines sections concern "conceptually separate notions relating to sentencing." United States v. Jackson, 276 F.3d 1231, 1235-36 (11th Cir. 2001). We have held:

> Impermissible double counting occurs only when one part of the
> Guidelines is applied to increase a defendant's punishment on account
> of a kind of harm that has already been fully accounted for by

13

application of another part of the Guidelines. We presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, unless specifically directed otherwise. Double counting a factor during sentencing is permitted if the Sentencing Commission . . . intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing.

United States v. Dudley, 463 F.3d 1221, 1226-27 (11th Cir. 2006) (internal quotations and citations omitted). On the instant record, there was no double counting under the Guidelines.

We also are unpersuaded by Clemendor's argument that Amendment 684 to the Sentencing Guidelines, which had an effective date after Clemendor's sentence was imposed on October 11, 2006, changes the result in his case. "When reviewing the district court's application of the sentencing guidelines, we apply the version of the guidelines in effect on the date of the sentencing hearing." United States v. Descent, 292 F.3d 703, 707 (11th Cir. 2002). However, we will consider amendments that clarify the Guidelines regardless of the date of sentencing. Id. "Clarifying amendments do not effect a substantive change, but provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline." Id. Notably, Amendment 684 is not included in the list of amendments to be applied retroactively. See U.S.S.G. § 1B1.10(c).

On November 1, 2006, pursuant to Amendment 684, section 2J1.7 was deleted from the Guidelines and a new § 3C1.3 was added. See U.S.S.G. App. C,

14

Amendment 684. Like former § 2J1.7, the new § 3C1.3 provides for a 3-level increase in the offense level if § 3147 applies. Id. Amendment 684 explains that the enhancement provision was moved from Chapter Two to Chapter Three in order to "ensure[ ] the enhancement is not overlooked and is consistent with other enhancements in Chapter Three, all of which apply to a broad range of offenses." Id. Amendment 684 also changed the heading to Chapter Three, Part C by adding "AND RELATED ADJUSTMENTS" to the end. Id. Accordingly, the heading to Chapter Three, Part C now reads, "PART C - OBSTRUCTION AND RELATED ADJUSTMENTS." U.S.S.G. § 3C.

We need not decide whether the amendment that deleted § 2J1.7 and created a similarly worded section in § 3C1.3 was a clarifying amendment or not because even if it retroactively applied to Clemendor, it would not change the result. The commentary to Amendment 684 makes clear that the three-level enhancement applicable to § 3147 offenses was moved from Chapter Two to Chapter Three to ensure that the enhancement is not overlooked, and not to narrow its applicability in § 3146 cases, as Clemendor suggests. Indeed, there is no indication, express or implied, that the amendment was made to affect § 3146 cases, in particular. In short, because we find no support for Clemendor's contention that moving the provision from § 2J1.7 to § 3C1.3 effected a substantive change on the application

15

of the enhancement to § 3146 offenses, even if he was entitled to retroactive application of Amendment 684, it would not change the result here.

Finally, Clemendor contends that his 37-month sentence was unreasonable and that a lesser sentence would have satisfied the 18 U.S.C. § 3553(a) factors. He also argues that because he would not have received a three-level enhancement if he had been sentenced after the 2006 Guidelines amendments went into effect, the district court created an unwarranted sentencing disparity by applying the enhancement in his case. He also notes that he failed to appear because he had to find someone to care for his three-year-old daughter.

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (brackets in original) (citation omitted). The district court need not discuss each factor or state on the record that it has explicitly considered each factor. Talley, 431 F.3d at 786. Rather, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id.

Review for reasonableness is deferential, and the relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. at 788. Moreover, "[t]here is a range

16

of reasonable sentences from which the district court may choose," and although a sentence within the Guidelines range will not be considered to be per se reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we will expect the choice to be a reasonable one." Id. at 787-88. The burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors rests on the party challenging the sentence. United States v. Wilks, 464 F.3d 1240, 1245 (11th Cir.), cert. denied, 127 S.Ct. 693 (2006).

Here, the district expressly stated that it had considered the § 3553(a) factors, and although the court did not discuss each factor on the record, it was not required to do so, and its acknowledgment that it considered all of the factors is sufficient. Talley, 431 F.3d at 786. The court heard Clemendor's argument and considered his evidence in support of mitigation, including Clemendor's testimony, his mother's testimony and letters from his mother. Moreover, the court considered and rejected Clemendor's argument that he failed to appear because he was concerned about his daughter's needs.[1]   In short, Clemendor has not met his

---

[1]As for Clemendor's contentions that the 37-month sentence was unreasonable because a lower sentence would have sufficed, and that 2006 amendments to the Guidelines should be considered in the § 3553(a) calculus, despite that they were effective only after his sentencing, lacks merit. It is well-settled that as a general matter, there is a range of sentences from which the district court may choose. Talley, 431 F.3d at 788. On this record, Talley has not shown unreasonableness based on the 2006 amendments, which did not apply to his sentence.

burden of showing that the 37-month sentence was unreasonable, in light of the advisory Guidelines range and the § 3553(a) factors.

**AFFIRMED.**