**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4996**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KARYNA YOLANDA ORDONEZ,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (2:07-cr-00056-JBF)

Argued: October 30, 2008            Decided: January 9, 2009

Before MICHAEL and AGEE, Circuit Judges, and Martin K. REIDINGER, United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

**ARGUED:** Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Stephen Westley Haynie, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

I.

Karyna Yolanda Ordonez pled guilty to two counts of violating 18 U.S.C. § 1029(a)(2) (2008) and was sentenced to a term of 21 months' imprisonment by the United States District Court for the Eastern District of Virginia. That court granted her request to self-surrender and ordered that Ordonez surrender on December 18, 2006 for service of her sentence. Ordonez failed to do so and was later arrested in New York.

Upon being indicted for violating 18 U.S.C. § 3146(a)(2) (2008) (failure "to surrender for service of sentence pursuant to a court order") and 18 U.S.C. § 3147 (2008) (offense committed while on release), Ordonez pled guilty, without a plea agreement, on June 6, 2007.

In preparing the presentence report, the probation officer relied on U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2J1.6 (2007)[1] to assess an offense level of 9 which, with a criminal history category of IV, resulted in a Guidelines range of 12 to 18 months. U.S.S.G. § 2J1.6, entitled "Failure to Appear by Defendant," is the Guidelines provision applicable to violations

_____

[1] This opinion references both statutes and provisions of the United States Sentencing Guidelines. To avoid confusion, references to statutes will be by section number while references to provisions of the Sentencing Guidelines will be by U.S.S.G. and the relevant section number.

of § 3146. The Government objected to the presentence report by contending that Ordonez should receive a three-level enhancement of the offense level pursuant to U.S.S.G. § 3C1.3. The Government argued that § 3147 "plainly applies," and cited this Court's decision in United States v. Fitzgerald, 435 F.3d 484 (4th Cir. 2006) as controlling authority for imposition of the enhancement. Ordonez objected to the proposed enhancement on the basis of Application Note 2 to § 2J1.6 ("Application Note 2"), which provides in relevant part: "[f]or offenses covered under this section, Chapter Three, Part C (Obstruction) does not apply, unless the defendant obstructed the investigation or trial of the failure to appear count." U.S.S.G. § 2J1.6 n.2. U.S.S.G § 3C1.3 is contained in Chapter Three, Part C of the Sentencing Guidelines.

In the final presentence report submitted to the district court, the probation officer adopted the Government's position and added the U.S.S.G § 3C1.3 enhancement to determine the applicable Guideline range. Based on this change, an offense level of 12 was attributed to Ordonez, which resulted in an increased Guidelines range of 21 to 27 months. The district court determined the U.S.S.G. § 3C1.3 enhancement should apply because "even though there is an application note in a different place, that the Fitzgerald case would still apply." J.A. 50.

The district court sentenced Ordonez to a term of 21 months' imprisonment, three months longer than the high point of her Guidelines range without the U.S.S.G. § 3C1.3 enhancement. In addition, the court imposed a three year term of supervised release. Ordonez requested that the sentencing order specify that the term of supervised release run concurrent to a previously-imposed term, but the district court refused to do so and indicated from the bench that the term would run consecutive to any previously imposed term of supervised release. Ordonez timely filed an appeal of the sentencing order and we have jurisdiction pursuant to 28 U.S.C. § 1291 (2008).

## II.

Ordonez presents two issues on appeal.[2] First, she asserts the district court erred when it ordered the three year term of supervised release to run consecutive to a previously imposed term of supervised release instead of concurrently. Second, she

---

[2] Ordonez raises a third issue by asserting the sentencing enhancement under § 3147 cannot apply in sentencing upon conviction of violating § 3146. That issue is directly controlled by the decision of this Court in Fitzgerald, which this panel has no authority to revisit. "[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 n.2 (4th Cir. 2002) (quoting Mentavlos v. Anderson, 249 F.3d 301, 312 n.4 (4th Cir. 2001)). Accordingly, we do not address this issue further.

5

argues the district court erred in its calculation of the Guidelines range by applying the enhancement under U.S.S.G. § 3C1.3.  We address each issue in turn.

## A. Term of Supervised Release

Ordonez and the Government agree that the district court erred in ordering the term of supervised release to run consecutive to the previously-imposed term of supervised release instead of concurrently.  We agree the district court erred in doing so.

"'In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished.'"  Fitzgerald, 435 F.3d at 486 (quoting Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992)).  18 U.S.C. § 3624(e) provides that a "term of supervised release . . . runs concurrently with any Federal, State, or local term of . . . supervised release . . . for another offense to which the person is subject or becomes subject during the term of supervised release."  The language of the statute unequivocally states that multiple terms of supervised release, even when imposed at different times, are to run concurrently, not consecutively.

6

In the case at bar, the district court's written sentencing order did not specifically state that the term of supervised release for the § 3146 conviction would run consecutive to or concurrent with any previously-imposed term. However, the record shows that the district court explicitly refused the defendant's oral request at the sentencing hearing for the term of supervised release to run concurrent with the previously imposed term. While a court speaks through its judgments and orders, Murdaugh Volkswagen, Inc. v. First Nat'l Bank, 741 F.2d 41, 44 (4th Cir. 1984), in criminal cases the general rule is that the oral pronouncement of the sentence governs. Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962). Thus, we view the district court's imposition of the term of supervised release as running consecutive to any other term by virtue of the bench ruling.

In light of the plain language of § 3624(e), that ruling was in error because the statute mandates that the term of supervised release for the present offense run concurrent with the term imposed for any previous offense. Accordingly, the judgment of the district court imposing a consecutive term of supervised release is reversed and the case remanded for the entry of a corrected order in conformity with § 3624(e).

7

## B. U.S.S.G. § 3C1.3 Enhancement

"We review the district court's interpretation of the applicable sentencing guidelines de novo and its factual findings for clear error." United States v. Quinn, 359 F.3d 666, 679 (4th Cir. 2004). Our interpretation of a statute, as a matter of law, is de novo. United States v. NJB, 104 F.3d 630, 632-33 (4th Cir. 1997).

In this case, no issue is raised as to the calculation under U.S.S.G. § 2J1.6, which yielded a Guidelines range of 12 to 18 months. The issue before us comes from the addition of the three-level enhancement under U.S.S.G. § 3C1.3, which set the Guidelines range at 21 to 27 months. Ordonez contends the district court erred in doing so because, in her view, Application Note 2 bars the enhancement.

We begin with the terms of the applicable statute, 18 U.S.C. § 3147, which plainly states that "[a] person convicted of an offense committed while released . . . shall be sentenced, in addition to the sentence prescribed for the offense to (1) a term of imprisonment . . . ." The applicable Sentencing Guideline to implement the statutory sentencing requirement of § 3147 was formerly U.S.S.G. § 2J1.7, but in 2006 the U.S. Sentencing Commission amended the Guidelines to move this provision to U.S.S.G. § 3C1.3. See U.S.S.G. App. C, Amend. 684

8

(effective November 1, 2006). As noted earlier, U.S.S.G. § 3C1.3 is contained in Chapter Three, Part C of the Guidelines.

Application Note 2 provides that "[f]or offenses covered under this section, [a failure to appear conviction] Chapter Three, Part C (Obstruction) does not apply, unless the defendant obstructed the investigation or trial of the failure to appear count." Ordonez contends Application Note 2, on its face, limits the application of a Chapter Three, Part C adjustment, including U.S.S.G. § 3C1.3, to those instances when the defendant obstructed the investigation or trial of the failure to appear count. She argues that the fortuitous move of the § 3147 enhancement under the Guidelines from U.S.S.G. § 2J1.7 to § 3C1.3 now bars that enhancement in her case. We disagree.

In Fitzgerald, this Court held that the plain language of § 3147 requires the imposition of a consecutive additional sentence for any crime committed while on release. See Fitzgerald, 435 F.3d at 486 ("Section 3147 plainly applies, without exception, to offenses committed while on release under Chapter 207 of Title 18."). As this Court recognized in Fitzgerald, § 3147 applies even in a situation where having been on release was a necessary component of the crime committed. The defendant in Fitzgerald, for instance, failed to appear for his sentencing. He could not have failed to appear had he not

9

been on release, yet § 3147 was held to apply where the underlying crime was a violation of § 3146. See id.

In Fitzgerald, the defendant did not obstruct the investigation or the trial, yet this Court held that the sentencing enhancement applied because § 3147 dictated that it must. Section 3147 has not changed in any respect since our decision in Fitzgerald. To adopt the view propounded by Ordonez would necessarily mean that a defendant in a position identical to that of the defendant in Fitzgerald would now *not* be subject to the same statutory enhancement.

The Supreme Court has held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993) (emphasis added). Indeed, the Sentencing Commission explicitly recognized this limitation on the effect of the Application Notes by incorporating this language from Stinson into its commentary to U.S.S.G. § 1B1.7, entitled "Significance of Commentary." Application Note 2 is simply inconsistent with § 3147 because it would limit the statutory enhancement only to cases where there is obstruction of the investigation or the trial.

10

The plain language of new Guideline § 3C1.3 dictates that a three-level enhancement shall be added "[i]f a statutory sentencing enhancement under 18 U.S.C. § 3147 applies." U.S.S.G. § 3C1.3 (emphasis added). Application Note 2 is thus also inconsistent with the plain language of U.S.S.G. § 3C1.3 in that there is nothing in that Guideline indicating that it is to be limited to only certain offenses committed while on release. Thus, to read Application Note 2 as limiting the application of § 3C1.3 would be inconsistent with the plain terms of § 3147 and the Guideline. Accordingly, Application Note 2 must yield to the statute and U.S.S.G. § 3C1.3.

There is nothing in Amendment 684, which moved U.S.S.G. § 2J1.7 to § 3C1.3, indicating that the Sentencing Commission intended to limit U.S.S.G. § 3C1.3 by the previously-existing[3] Application Note 2 to § 2J1.6. In adopting Amendment 684, the Sentencing Commission provided a "Reason for Amendment" that reads, in pertinent part:

> [T]he amendment creates a new guideline at § 3C1.3 (Commission of Offense While on Release), which provides a three-level adjustment in cases in which the statutory sentencing enhancement at 18 U.S.C. § 3147 (Penalty for an offense committed while on release) applies. The Amendment also deletes § 2J1.7 (Commission of Offense While on Release), the Chapter Two guideline to which the statutory enhancement at 18

---

[3] The Application Note was adopted with the original Sentencing Guidelines, effective in 1987.

11

> U.S.C. § 3147 had been referenced prior to the amendment. Despite its reference in Appendix A (Statutory Index), 18 U.S.C. §3147 is not an offense of conviction and thus does not require reference in Appendix A. <u>Creating a Chapter Three adjustment for 18 U.S.C. § 3147 cases ensures the enhancement is not overlooked and is consistent with other adjustments in Chapter Three, all of which apply to a broad range of offenses.</u>

United States Sentencing Guidelines Manual, Supp. App. C at 158 (2006) (Amendment 684) (emphasis added). This passage reflects no intent on the part of the Sentencing Commission to limit the application of the Guideline implementing § 3147. On the contrary, by moving this Guideline to Chapter Three, the Commission intended to insure that a court would not "miss" the three-level enhancement for offenses committed while on release, such as Ordonez's failure to surrender for her service of sentence. We note that the Eleventh Circuit has reached a similar conclusion in <u>United States v. Clemendor</u>, 237 Fed. Appx. 473 (11th Cir. 2007) (unpublished), regarding the effect of Amendment 684 on a § 3147 enhancement in sentencing upon conviction of violating § 3146: "Indeed, there is <u>no</u> indication, express or implied, that the amendment was made to affect § 3146 cases." <u>Id.</u> at 480.

In summary, this Court held in <u>Fitzgerald</u> that § 3147 requires a sentencing enhancement in all cases where the offense was committed while on release, "without exception." <u>Fitzgerald</u>, 435 F.3d at 486. Guideline § 3C1.3 is the Guideline

12

that has been adopted to implement that mandatory sentencing enhancement. Any Guidelines calculation that fails to include this enhancement where the offense was committed while on release would, therefore, be in error. Application Note 2 cannot override these clear statutory and Guideline requirements. For these reasons, we hold that the three-level enhancement of U.S.S.G. § 3C1.3 was correctly applied in this case.

## III.

Accordingly, we affirm the district court's calculation of the applicable Guideline range and the sentence of incarceration, but reverse and remand the case for entry of a proper judgment regarding the term of supervised release.

<u>AFFIRMED IN PART,</u>
<u>REVERSED IN PART,</u>
<u>AND REMANDED</u>

13