**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4479**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:15-cr-00469-GLR-1)

Submitted:  August 15, 2017                          Decided:  September 6, 2017

Before NIEMEYER, MOTZ, and HARRIS, Circuit Judges.

Affirmed in part; dismissed in part; vacated in part and remanded by unpublished per curiam opinion.

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, P.C., Baltimore, Maryland, for Appellant.  Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Anderson appeals his conviction after pleading guilty to bank fraud, in violation of 18 U.S.C. § 1344 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012), and his resulting sentence. The district court sentenced Anderson to 25 months' incarceration and 3 years' supervised release. The court ordered that the term of supervised release run consecutively to another 3-year term of supervised release ordered in another case in which Anderson was sentenced on the same day. Anderson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal, but questioning whether the district court's Fed. R. Crim. P. 11 hearing was adequate and whether the district court erred in ordering that Anderson serve consecutive terms of supervised release. Anderson filed a pro se brief, arguing that the Government breached the plea agreement. The Government has moved to dismiss the appeal as barred by the appeal waiver in Anderson's plea agreement. We affirm Anderson's convictions, grant the Government's motion to dismiss in part, vacate the judgment in part, and remand.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver generally is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "[W]e will not enforce an otherwise valid appeal waiver against a defendant if

2

the government breache[s] the plea agreement containing that waiver." *United States v. Cohen*, 459 F.3d 490, 495 (4th Cir. 2006). "[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). Upon review of the record, we conclude that Anderson knowingly and voluntarily entered into his plea agreement and waived his right to appeal. We further conclude that Anderson has failed to establish that the Government breached the plea agreement. Anderson's appeal waiver is therefore valid and enforceable.

Anderson's appeal waiver does not bar his constitutional challenge to the knowing and voluntary nature of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Anderson did not move to withdraw his guilty plea; thus, this court reviews the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Anderson "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. A defendant who pled guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the error. *United States v. Davila*, 133 S. Ct. 2139, 2147 (2013). Our review of the record reveals that the district court substantially complied with the requirements of Rule 11 in ensuring that Anderson's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Thus, we conclude that the plea was valid. *See United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Accordingly, we affirm Anderson's convictions.

3

Appeal waivers also do not preclude an appeal as to any issue that cannot be waived by law, such as a claim that the sentence exceeds the statutory maximum, that race or other constitutionally impermissible factors influenced the sentence, or that the defendant was denied the right to counsel. *See Copeland*, 707 F.3d at 530. Thus, Anderson's argument that the district court exceeded its statutory authority in imposing consecutive terms of supervised release falls outside Anderson's appeal waiver. We therefore deny the Government's motion to dismiss this portion of Anderson's appeal.

Because Anderson did not object when the district court directed that the terms of supervised release on the instant convictions run consecutively to the supervised release terms imposed on the other convictions, we review for plain error. *See United States v. Maxwell*, 285 F.3d 336, 338 (4th Cir. 2002) (reviewing for plain error unpreserved claim that sentence following revocation of supervised release was greater than that authorized by statute). The statute governing the imposition of supervised release explicitly provides that: "The term of supervised release . . . runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release." 18 U.S.C. § 3624(e) (2012).

Because the statutory mandate is clear, a district court commits plain error when it orders a term of supervised release to run consecutively to a previously imposed term of supervised release. *See, e.g.*, *United States v. Ordonez*, 305 F. App'x 980, 983 (4th Cir. 2009) (No. 07-4996) (argued but unpublished) (holding that court erred in imposing consecutive term of supervised release "because the [plain language of § 3624(e)]

4

mandates that the term of supervised release for the present offense run concurrent with the term imposed for any previous offense"). Because the court plainly erred in imposing consecutive, rather than concurrent, terms of supervised release, we deny the Government's motion to dismiss in this regard, vacate the district court's criminal judgment, and remand for the entry of judgment in conformity with 18 U.S.C. § 3624(e).

In accordance with *Anders*, we have reviewed the record for any other potentially meritorious issues that might fall outside the scope of the waiver and have found none. *See Copeland*, 707 F.3d at 530. Accordingly, we affirm Anderson's convictions, grant the Government's motion to dismiss the appeal of Anderson's sentence as to all claims within the scope of his appellate waiver, and vacate and remand the district court's judgment for entry of a proper judgment regarding the terms of Anderson's supervised release.

This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART;*
*VACATED IN PART AND REMANDED*