PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

SEAN FITZGERALD,
        *Defendant-Appellant.*

No. 04-4820

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-04-103)

Argued: September 22, 2005

Decided: January 13, 2006

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

Affirmed by published opinion. Judge Shedd wrote the majority opinion, in which Judge Williams joined. Judge King wrote a dissenting opinion.

## COUNSEL

**ARGUED:** David Wayne Bouchard, Chesapeake, Virginia, for Appellant. Howard Jacob Zlotnick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

**OPINION**

SHEDD, Circuit Judge:

Sean Fitzgerald appeals the district court's application of a three-level enhancement to his sentence following a conviction for failing to appear at sentencing. Fitzgerald claims that the enhancement violates the rule of lenity and the prohibition against double jeopardy. Finding no error, we affirm.

I

In November 2003, a federal grand jury indicted Fitzgerald for mail fraud and wire fraud. The district court released Fitzgerald on a secured bond. Following a guilty plea, a date was set for sentencing. When Fitzgerald failed to appear at his sentencing, the district court issued an arrest warrant, and Fitzgerald was arrested.

A federal grand jury thereafter returned a one-count indictment against Fitzgerald for knowingly failing to appear for sentencing in violation of 18 U.S.C. § 3146, which carried a maximum statutory sentence of ten years imprisonment to run consecutively with any sentence for his initial crimes. Fitzgerald pled guilty. A presentence report ("PSR") was prepared, which included a three-level enhancement to Fitzgerald's offense level, pursuant to *United States Sentencing Guidelines* § 2J1.7 and 18 U.S.C. § 3147, for committing an offense while on release. Under § 3147, a person who is convicted of committing an offense while on release under chapter 207 of Title 18 of the United States Code "shall be sentenced, in addition to the sentence prescribed for the offense to (1) a term of imprisonment of not more than ten years imprisonment if the offense is a felony. . . ." Section 2J1.7 "incorporates this provision into the guidelines by requiring a three-level increase to the base offense level when . . . § 3147 is applicable." *United States v. Kincaid*, 964 F.2d 325, 327 (4th Cir. 1992).[1]

---

[1]Section 2J1.7 provides: "If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release."

At sentencing, Fitzgerald objected to the enhancement, arguing that it amounted to a double punishment and violated the rule of lenity. He also asserted that if Congress had intended enhanced penalties to apply to offenses under § 3146, those penalties would have been included under that statutory provision.

The district court overruled Fitzgerald's objection, finding § 3147 to be clear and unambiguous. The district court also noted that because Congress enacted §§ 3146 and 3147 at approximately the same time, it should have been aware of the combined impact of the two statutes. Accordingly, the district court sentenced Fitzgerald to 27 months imprisonment, to be served consecutively with his sentence for the unrelated federal charges, and entered judgment. Fitzgerald filed a timely notice of appeal.

## II

The application of § 3147 to enhance a sentence for the crime of failing to appear under § 3146 is a question of first impression in this circuit.[2] The only circuit that has addressed this issue is the Sixth Circuit in *United States v. Benson*, 134 F.3d 787 (6th Cir. 1998), a case on which both parties rely. In *Benson*, the Sixth Circuit rejected the argument that the rule of lenity and the rules of statutory construction foreclose an enhancement under § 3147 for the offense of failing to appear. The Sixth Circuit noted that although criminal statutes are generally construed in favor of the defendant, courts "should not go to extreme lengths to characterize criminal statutes as ambiguous when they can be read as relatively well-defined. Where there is no ambiguity in the words, there is no room for construction." *Benson*, 134 F.3d at 788. Applying this principle, the Sixth Circuit found § 3147 to be unambiguous and to apply to persons convicted of offenses committed while on release under chapter 207 of Title 18 of the United States Code. Because the jury convicted the defendant under § 3146, the Sixth Circuit found that the district court properly applied the enhancement.

---

[2]"We review the district court's interpretation of the applicable sentencing guidelines *de novo* and its factual findings for clear error." *United States v. Quinn*, 359 F.3d 666, 679 (4th Cir. 2004).

In dissent, Judge Nelson argued that the imposition of both a sentence under § 3146 and an enhancement under § 3147 amounted to a double punishment and violated the Double Jeopardy Clause of the Fifth Amendment. Judge Nelson argued that because Congress had not indicated its intent that multiple punishments be imposed for the offense of failing to appear, the more specific statute, § 3146, should take precedence over § 3147. *Benson*, 134 F.3d at 789-90 (Nelson, J., dissenting).

We agree with the majority's reasoning in *Benson*. "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992). Section 3147 plainly applies, without exception, to offenses committed while on release under chapter 207 of Title 18. Fitzgerald's failure to appear, which violates § 3146, is clearly an offense committed while on release under chapter 207. Given such unambiguous language, there is no need for us to apply the rule of lenity. *See Chapman v. United States*, 500 U.S. 453, 463 (1991) ("The rule of lenity . . . is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of the Act, such that even after a court has seized every thing from which aid can be derived, it is still left with an ambiguous statute.") (citations and internal punctuation omitted).

Fitzgerald's argument that § 3147 amounts to a double punishment in violation of the Double Jeopardy Clause also fails. Section 3147, as promulgated by § 2J1.7, creates a sentence enhancement. *See generally United States v. Cooper*, 827 F.2d 991, 993 (4th Cir. 1987) (noting that § 3147 requires "an enhanced sentence" for crimes committed while on release). The Supreme Court has "[h]istorically . . . found double jeopardy protections inapplicable to sentencing proceedings" and has refused to construe sentence enhancements as additional punishments. *Monge v. California*, 524 U.S. 721, 728 (1998). Therefore, the district court's enhancement of Fitzgerald's sentence does not violate the Double Jeopardy Clause.[3]

---

[3]Since § 3147 is considered an enhancement and not an additional punishment, the dissent's reliance on *Simpson v. United States* is misplaced.

## III

Because the plain language of § 3147 provides for the district court's enhancement of Fitzgerald's sentence and there is no Double Jeopardy problem, we affirm the sentence.

*AFFIRMED*

KING, Circuit Judge, dissenting:

I write separately to express my disagreement with the panel majority's resolution of this appeal. The decision of my colleagues is incorrect for two reasons. First, the panel majority reaches a result contrary to that mandated by the Supreme Court's decision in *Simpson v. United States*, 435 U.S. 6 (1978). Second, it has erred in concluding that the enhancement provided for in § 3147 unambiguously applies where the underlying offense is a violation of § 3146. Section 3147 is indeed ambiguous in this circumstance and the rule of lenity thus obliges us to resolve this appeal in Fitzgerald's favor.

## I.

On May 27, 2004, Fitzgerald was indicted for "knowingly fail[ing] to appear for sentencing," in contravention of 18 U.S.C. § 3146. He

---

In *Simpson*, a pre-Guidelines case addressing multiple punishments and enhancements for the single crime of robbery with a firearm, the Supreme Court avoided the constitutional question of Double Jeopardy by determining that the legislative history of § 924(c) "left us with little more than a guess as to how Congress meant to mesh that statute with the sentencing enhancement provisions scattered throughout the federal criminal code." *United States v. Gonzales*, 520 U.S. 1, 10 (1997) (explaining *Simpson*) (internal punctuation omitted). Unlike *Simpson*, Fitzgerald does not face punishments and enhancements under multiple criminal statutes. He has been convicted of the crime of failure to appear and faces a single enhancement under § 3147 as promulgated by U.S.S.G. § 2J1.7. Although the enhancement is based on the conduct in the underlying offense, such double-counting "is generally authorized unless the Guidelines expressly prohibit it." *United States v. Reevey*, 364 F.3d 151, 158 (4th Cir. 2004). As we have pointed out, the plain, unambiguous language of § 3147 and the Guidelines permit the enhancement.

pleaded guilty to that offense on July 20, 2004, and his sentencing hearing was conducted on September 27, 2004. The Sentencing Guidelines prescribed a base offense level of 6 for Fitzgerald's § 3146 conviction. *See* U.S.S.G. § 2J1.6(a)(2) (2003). The sentencing court imposed a three-level enhancement pursuant to U.S.S.G. § 2J1.7, which provides for such if an enhancement is required under 18 U.S.C. § 3147. Section 3147, in turn, provides for an enhancement where the defendant commits a crime while on release. The offense that Fitzgerald committed while on release, of course, was failing to appear for sentencing. Thus, after Fitzgerald was convicted for failing to appear for sentencing, and after his base offense level was fixed accordingly, his sentence was enhanced for the very same act — his failure to appear for sentencing.

The end result in this scenario simply makes no sense. As Judge Nelson of the Sixth Circuit aptly observed in addressing this very issue, "the defendant gets punished for failure to appear and then he gets punished again for failure to appear." *United States v. Benson*, 134 F.3d 787, 789 (6th Cir. 1998) (Nelson, J., dissenting) (internal quotation marks omitted). Under controlling Supreme Court precedent, such multiple punishments are not authorized by law absent a clear congressional statement that they are intended. *See Simpson*, 435 U.S. at 15-16. Because § 3147 does not include the essential clear statement of congressional intent required for an imposition of multiple punishments in conjunction with § 3146, Fitzgerald's sentence should be vacated.

The panel majority reaches its conclusion that § 3147 authorizes the imposition of multiple punishments on Fitzgerald by applying the "plain meaning" rule: "when a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Ante* at 4 (internal quotation marks and alteration omitted). Under the panel majority's analysis, this appeal is resolved with the following syllogism: (1) § 3147 applies to all offenses committed while on release under chapter 207; (2) § 3146 creates an offense, which Fitzgerald committed while on release under § 3147; (3) therefore, § 3147 applies to § 3146. *Id.* In other words, the panel majority concludes that, because a violation of § 3146 falls within the literal language of § 3147, Congress intended

the multiple punishments that occur when, as here, both statutory provisions are applied to the very same conduct.

The flaw in the panel majority's reasoning, in my view, stems from its failure to recognize the interpretive rules that apply in this situation, where the application of two statutory provisions results in a defendant being punished twice for the same conduct. In such a situation, a sentencing court is not entitled to impose multiple punishments on a defendant solely upon a finding that the literal terms of both statutes apply to his conduct; it may only impose such multiple punishments where Congress has clearly stated its intention to that effect. *See Simpson*, 435 U.S. at 15-16.

In *Simpson*, the defendant had robbed a bank, using a firearm to intimidate the bank's employees. *Id.* at 8-9. The bank robbery statute under which the defendant (Simpson) was prosecuted contained a sentencing enhancement that applied where the "robbery [was] committed 'by the use of a dangerous weapon or device.'" *Id.* at 7 (quoting 18 U.S.C. § 2113(d)). A second statute, 18 U.S.C. § 924(c), provided for an enhancement whenever a person "'uses a firearm to commit any felony for which he may be prosecuted in a court of the United States,'" and specified that the enhanced penalty was to be "'in addition to the punishment provided for the commission of the [underlying] felony.'" *Id.* at 8 (quoting § 924(c)). The question for the Court was whether the enhancements under § 2113(d) and § 924(c) could both be applied to Simpson, given that they each prescribed punishment for the same conduct. As in this case, the literal language of § 924(c) applied to Simpson's conduct: § 924(c) provided for an enhanced punishment when the defendant had used a firearm in the commission of a felony punishable under federal law, and bank robbery, the felony Simpson had committed, was punishable under federal law.

The literal language of § 924(c), however, did not end the Court's analysis. The Court began its assessment by observing that the imposition of multiple punishments for the same conduct potentially "raise[s] the prospect of double jeopardy." *Simpson*, 435 U.S. at 11. In accordance with the time-honored principle that courts should avoid deciding a constitutional issue if possible, *see Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring), the Court

set about to determine whether Congress had unambiguously intended, through enactment of § 2113(d) and § 924(c), that multiple punishments be imposed for the single act of using a firearm in a bank robbery. *See Simpson*, 435 U.S. at 15-16 (explaining that application of statutory interpretation principles in this context stems from Court's "reluctance to increase or multiply punishments absent clear and definite legislative directive"). Thus, in a multiple punishments situation, the court's inquiry does not end with a determination that the statutory language at issue literally covers a defendant's conduct; the court must further assess whether Congress has clearly expressed its intention to impose multiple punishments. Because Congress had not done so in § 924(c), the Court held that multiple punishments were not authorized under both § 2113(d) and § 924(c). *Id.* at 16. The Court therefore reversed the Sixth Circuit's ruling to the contrary.

Two years later, in *Busic v. United States*, 446 U.S. 398 (1980), the Court re-affirmed its holding in *Simpson* that statutes should be construed to authorize multiple punishments for the same conduct only where Congress has clearly stated its intention to authorize such punishments. In *Busic*, as here, the prosecution sought to invoke the "plain meaning" rule. *Id.* at 407. The Court rejected the prosecution's position, however, observing that

> [p]lainly the text of the statute fails to address the issue pertinent to decision of these cases — whether Congress intended . . . to provide for enhanced penalties only for crimes not containing their own enhancement provisions, . . . or to provide a duplicative enhancement provision which would permit double enhancement where the underlying felony was proscribed by a statute.

*Id.* Once again, the Court ruled that, absent a clear statement that Congress so intended, the lower courts are not to impose multiple punishments for the same conduct.

Congress responded to *Simpson* and *Busic* by amending § 924(c) to provide the clear statement the Court had found lacking. On October 12, 1984, Congress amended § 924(c) and mandated that it apply to any defendant who has used a firearm "during and in relation to any [federal] crime of violence, *including a crime of violence which*

*provides for an enhanced punishment*." Pub. L. No. 98-473, § 1005(a), 98 Stat. 1837, 2138 (1984) (emphasis added). Importantly, § 3146 (creating the substantive offense for failing to appear) and § 3147 (providing for a sentencing enhancement for committing an offense on release) were both enacted in the same legislation that amended § 924(c) to provide the clear statement required by *Simpson*. *See* Pub. L. No. 98-473, Title II, § 203(a), 98 Stat. 1837, 1982-83 (1984). Although plainly aware that the Court had ruled in *Simpson* that multiple punishments could not be imposed for the same conduct absent a clear congressional statement to that effect, Congress failed to include any such statement in § 3147.

Indeed, § 3147 is bereft of any indication of whether Congress intended it to apply cumulatively with the penalty provisions of § 3146. As a result, *Simpson* mandates that we conclude that Congress did not intend for multiple punishments to be applied to Fitzgerald. Because the district court applied the enhancement prescribed by § 3147 in addition to the penalty required under § 3146, it erred in its sentencing of Fitzgerald.[1]

---

[1]The panel majority maintains that the *Simpson* principles are inapplicable because, under the Supreme Court's decision in *Monge v. California*, 524 U.S. 721 (1998), "§ 3147 is considered an enhancement and not an additional punishment" for purposes of a double jeopardy analysis. *Ante* at 4 & n.3. The distinction drawn in *Monge* between enhancements and additional punishments, however, has been undermined by the *Apprendi* line of recent Supreme Court decisions. *See Booker v. United States*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Not only does *Simpson* control here, its rationale — the avoidance of constitutional questions — applies with even greater force now than it did when *Simpson* was decided.

The *Monge* Court's conclusion that an enhancement does not constitute additional punishment for purposes of a double jeopardy analysis rests on the distinction between a "sentencing factor" and an "element" of an offense. *See* 524 U.S. at 728-29. The Court reasoned that, because enhancements are sentencing factors rather than offense elements, application of an enhancement does not place a defendant in jeopardy for an "offense." *See id.* As Justice Scalia explained in dissent, and as the *Monge* majority implicitly acknowledged, the distinction drawn in the

## II.

Setting *Simpson* aside, the panel majority also errs in concluding that the sentencing enhancement in § 3147 unambiguously applies where the underlying offense is a violation of § 3146. As explained below, in viewing § 3147 in its broader statutory context, as we are obliged to do, it is far from clear that § 3147 was intended to apply where the underlying crime was a failure to appear for sentencing. Given the ambiguity presented, the rule of lenity requires us to resolve that ambiguity in favor of Fitzgerald and conclude that an application of § 3147 is precluded in his case.

The first step in the interpretation of a statute is, of course, to examine the language of the statute itself. Where that language is plain and unambiguous, the sole function of the court is to apply the statute according to its terms. *See In re Sunterra Corp.*, 361 F.3d 257, 265 (4th Cir. 2004). Although the panel majority correctly articulates

---

double jeopardy context between "sentencing factors" and "elements" is the same distinction that defines the boundaries of the Sixth Amendment right to a jury trial. *See id.* at 738 (Scalia, J., dissenting); *id.* at 728-29 (relying on *Almandarez-Torres v. United States*, 523 U.S. 224 (1998), in concluding that enhancement is not element).

When *Monge* was decided in 1998, the distinction between a sentencing factor and an offense element rested largely on the formal definition provided by the legislature. *See McMillan v. Pennsylvania*, 477 U.S. 79, 85 (1986) (concluding that the "legislature's definition of the elements of the offense is usually dispositive"). In *Apprendi*, decided two years after *Monge*, the Court redefined the constitutional distinction between sentencing factors and elements: If "the required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict" it is treated as an element. *Apprendi*, 530 U.S. at 494. The requirements of § 3147 are plainly elements under *Apprendi*, as § 3147 calls for punishment "in addition to the sentence prescribed" for the underlying offense. *Apprendi* thus casts a shroud of constitutional uncertainty over the panel majority's conclusion that § 3146 and § 3147 may be applied together. Faced with this uncertainty, and pursuant to *Simpson*, we are thus obliged to apply the clear statement principle (requiring explicit congressional authorization) to preclude the multiple punishment authorized today by the panel majority.

the plain meaning rule, it errs in applying that rule. As explained above, the majority has focused solely on the language of § 3147: since the enhancement in § 3147 applies to all offenses committed while on release under chapter 207, and § 3146 creates an offense which Fitzgerald committed while on release under chapter 207, § 3147 necessarily applies to § 3146. Yet, we have consistently recognized that, in applying the plain meaning rule, we must evaluate, in addition to the language of the statute, "the specific context in which the language is used, and the broader context of the statute as a whole." *Chris v. Tenet*, 221 F.3d 648, 652 (4th Cir. 2000) (internal quotation marks omitted). Thus, in determining whether § 3147 unambiguously operates to enhance a sentence where the offense of conviction is § 3146, we must consider not only the language of § 3147, but also its relationship with § 3146, the provision directly preceding it in both Title 18 of the Code and in the legislative enactment by which § 3146 and § 3147 were together made law.[2]

When applied together, § 3146 and § 3147 operate redundantly: § 3146 punishes the defendant for failure to appear and then § 3147 punishes the defendant again for failure to appear. In these circumstances — where the two statutory provisions were enacted and codified together — the congressional silence on whether the two provisions were to apply in such a redundant fashion creates substantial uncertainty as to whether Congress intended the result reached by the panel majority. Thus, although the ambiguity is hidden when the language of § 3147 is viewed in isolation, the ambiguity is readily apparent when § 3147 is properly viewed in its broader statutory context.

Such an ambiguity, of course, "must be resolved in favor of lenity, granting the defendant the benefit of the doubt." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999); *see also Pasquantino v. United States*, 125 S. Ct. 1766, 1787 (2005) (observing that "when confronted with two rational readings of a criminal statute, one harsher than the other, we are to choose the harsher only when Congress has spoken in clear and definite language") (internal quotation marks

---

[2]As explained above, § 3146 and § 3147 were enacted as part of the same legislative act on October 12, 1984. *See* Pub. L. No. 98-473, Title II, § 203(a), 98 Stat. 1837, 1982-83 (1984).

omitted). Here, the rule of lenity precludes the sentencing court's application of § 3147 where Fitzgerald's underlying offense was a violation of § 3146. The district court and the panel majority have thus erred in choosing the "harsher" reading, and in applying § 3147 in this case.

## III.

Pursuant to the foregoing, I would vacate Fitzgerald's sentence and remand for resentencing.

I respectfully dissent.