REVISED JULY 24, 2009

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

June 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-30786

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALICIA A DISON

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before WIENER, DENNIS, and CLEMENT, Circuit Judges.

JACQUES L. WIENER, JR.:

Defendant-Appellant Alicia Dison pleaded guilty to one count of failure to surrender for service of sentence in violation of 18 U.S.C. § 3146. She now appeals her sentence, claiming that the district court erred in imposing a sentence enhancement pursuant to 18 U.S.C. § 3147 and section 3C1.3 of the United States Sentencing Guidelines (the "Guidelines") for committing an offense while on release. Concluding that the sentencing court correctly interpreted the Guidelines to permit the application of this enhancement to a § 3146 conviction — a res nova issue in this circuit — we affirm Dison's sentence.

## I. BACKGROUND

Alicia Dison pleaded guilty to a one-count indictment for failure to surrender for service of sentence ("failure to appear") in violation of 18 U.S.C. § 3146. The district court had ordered her to surrender to the Bureau of Prisons on February 11, 2008 to begin serving her sentence on a previous conviction for conspiracy to commit an offense or to defraud the United States, a violation of 18 U.S.C. § 371. After Dison failed to appear, she was arrested and charged with violating § 3146, which states:

> (a) Offense. — Whoever, having been released under this chapter[1] knowingly —
>
> > (1) fails to appear before a court as required by the conditions of release; or
> >
> > (2) fails to surrender for service of sentence pursuant to a court order;
>
> shall be punished as provided in subsection (b) of this section.[2]

Because Dison's original conviction — the violation of § 371 — was punishable by imprisonment for five or more years, subsection (b) of § 3146 sets the maximum penalty for Dison's failure to appear at a fine and five years imprisonment, consecutive to the sentence for any other offense.[3]

The U.S. Probation Officer's pre-sentence report computed Dison's offense level to include an enhancement pursuant to section 3C1.3 of the Guidelines. That section mandates a three-level increase in the offense level "[i]f a statutory

---

[1] Chapter 207, Release and Detention Pending Judicial Proceedings.

[2] 18 U.S.C. § 3146(a) (2008) (emphasis added).

[3] See id. §§ 3146(b)(1)(A)(ii), (b)(2).

sentencing enhancement under 18 U.S.C. § 3147 applies."[4]  In turn, § 3147 states that "[a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of imprisonment of not more than ten years if the offense is a felony . . . ."[5]  The sole offense for which Dison was convicted while on release was the felony of failure to appear in violation of § 3146.[6]

Dison objected to the § 3147 enhancement on the same grounds she raises in this appeal.[7]  The sentencing court rejected the objection and sentenced Dison to serve a total of 21 months for the failure to appear, five of which were on account of the § 3147 enhancement.[8]  The 21-month total sentence was at the low end of the calculated Guidelines range of 21 to 27 months and below the five-year statutory maximum penalty that Dison faced for violating § 3146.

On appeal, Dison contends that the § 3147 enhancement should not apply when the sole offense committed while on release is failure to appear, which by definition can only be committed while on release.  She argues that the § 3147 enhancement as applied to a § 3146 offense (1) is ambiguous and should thus be interpreted in favor of lenity, and (2) constitutes improper double-counting, thereby violating the Double Jeopardy Clause.

---

[4] U.S. SENTENCING GUIDELINES MANUAL § 3C1.3 (2008).

[5] 18 U.S.C. § 3147(1).

[6] See 18 U.S.C. § 3559(a) (defining a felony as any offense punishable by more than one year imprisonment).

[7] In the interest of simplicity, this opinion refers to the subject enhancement as the "§ 3147 enhancement."  More precisely, it is an enhancement pursuant to section 3C1.3 of the Guidelines, which effectuates the mandate of § 3147.  See United States v. Benson, 134 F.3d 787, 788 (6th Cir. 1998) (discussing former section 2J1.7, the predecessor of section 3C1.3).

[8] The Guidelines require that the sentencing court divide the sentence between that attributable to the underlying offense and that attributable to the § 3147 enhancement.  U.S. SENTENCING GUIDELINES MANUAL § 3C1.3 cmt. n.1.

## II. ANALYSIS

### A.    Standard of Review

We review de novo a district court's interpretation and application of the Guidelines.[9]

### B.    Claimed Sentencing Error

Although Dison presents an issue of first impression in this circuit, three other circuits — two in published decisions and one in an unpublished, non-precedential opinion — have held that the plain language of the relevant statutes mandates application of the § 3147 enhancement to the offense of failure to appear in violation of § 3146.[10] Like each of the other circuits that has confronted this issue, we too are persuaded by Congress's unambiguous language to conclude that a defendant who commits the offense of failure to appear is subject to the § 3147 enhancement for committing that offense while on release. Here is why.

When the plain language of a statute is unambiguous and does not "lead[] to an absurd result,"[11] "our inquiry begins and ends with the plain meaning of that language."[12] The plain language of § 3147 is unambiguous in mandating a

---

[9] United States v. Gould, 529 F.3d 274, 276 (5th Cir. 2008).

[10] United States v. Clemendor, 237 F. App'x 473 (11th Cir. 2007) (per curiam) (unpublished); United States v. Fitzgerald, 435 F.3d 484 (4th Cir. 2006); Benson, 134 F.3d 787; see 11TH CIR. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[11] United States v. Rabanal, 508 F.3d 741, 743 (5th Cir. 2007) (quotation marks and citation omitted).

[12] United States v. Crittenden, 372 F.3d 706, 708 (5th Cir. 2004) (citation omitted); see Tidewater Inc. v. United States, 565 F.3d 299, 303 (5th Cir. 2009) (refusing to resort to legislative history); see also Garcia v. United States, 469 U.S. 70, 75 (1984) ("When we find the terms of a statute unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances.'" (quoting TVA v. Hill, 437 U.S. 153, 187 n.33 (1978))).

sentence enhancement to "[a] person convicted of an offense committed while released under [] chapter [207]."[13] In the instant case, Dison was convicted of an offense — failure to appear in violation of § 3146 — that she committed while she was on release under chapter 207 of Title 18. The § 3147 enhancement thus unambiguously applies to Dison.[14] The rule of lenity has no traction in such cases.[15]

Dison contends that even if the § 3147 enhancement could be read as extending to the § 3146 offense of failure to appear, the enhancement as applied to her violates the Fifth Amendment's Double Jeopardy Clause because it "exposes Ms. Dison to multiple punishments for the same offense." It is true that Dison is subject to the § 3147 enhancement for having failed to appear while on release even though she committed that offense in the only manner possible, viz., while on release.[16] Yet, assuming arguendo that the enhancement subjects Dison to double counting, "such an application would not necessarily violate the double jeopardy clause."[17] "The [Supreme] Court has . . . defined the nature of double jeopardy protection by stating: '[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent

---

[13] 18 U.S.C. § 3147.

[14] See Fitzgerald, 435 F.3d at 486 (applying this logic); Benson, 134 F.3d at 788 (same).

[15] Burgess v. United States, 128 S. Ct. 1572, 1580 (2008) ("'[T]he touchstone of the rule of lenity is statutory ambiguity.'" (quoting Bifulco v. United States, 447 U.S. 381, 387 (1980))); United States v. Salazar, 542 F.3d 139, 147 (5th Cir. 2008) (requiring "'grievous ambiguity or uncertainty'" in a statute to invoke the rule of lenity (quoting Muscarello v. United States, 524 U.S. 125, 138–39 (1998))).

[16] 18 U.S.C. § 3146(a) ("Whoever, having been released under this chapter . . .").

[17] United States v. Gonzales, 996 F.2d 88, 93 (5th Cir. 1993).

the sentencing court from prescribing greater punishment than the legislature intended.'"[18]

Here, there was a single prosecution for Dison's offense of failure to appear. And, we know that cumulative punishment, to the extent any exists, is within the intent of Congress because the "Guidelines are explicit when double counting is forbidden."[19] Under the doctrine of inclusio unius est exclusio alterius, "only if the guideline in question expressly forbids double counting, would such double counting be impermissible."[20] Section 3147 contains no prohibition against cumulative punishment. We presume, therefore, that Congress intended to impose it; there is thus no double jeopardy violation.[21]

We continue briefly to emphasize that the instant case is not one in which we must determine whether Congress intended to permit a defendant to be convicted of, and sentenced for, two offenses that penalize the same underlying conduct.[22] If that were the case, we would require a "clear and definite

---

[18] United States v. Bigelow, 897 F.2d 160, 161 (5th Cir. 1990) (quoting Missouri v. Hunter, 459 U.S. 359, 365–66 (1983)); see Gonzales, 996 F.2d at 93 (stating that in a single prosecution, "cumulative punishment is always consistent with the double jeopardy clause" if the sentence is within legislatively intended limits) (citation omitted).

[19] Gonzales, 996 F.2d at 94 (citation omitted); see United States v. Jones, 145 F.3d 736, 737 (5th Cir. 1998).

[20] Gonzales, 996 F.2d at 94 (finding no error when the district court applied multiple enhancements "for essentially the same conduct").

[21] See id.; see also United States v. Fitzgerald, 435 F.3d 484, 486 (4th Cir. 2006) (stating that the "Supreme Court has '[h]istorically . . . found double jeopardy protections inapplicable to sentencing proceedings' and has refused to construe sentence enhancements as additional punishments" (quoting Monge v. California, 524 U.S. 721, 728 (1998))).

[22] Specifically this case is unlike the inquiry of Simpson v. United States in which the Supreme Court asked whether Congress intended to permit cumulative sentences on convictions for the offenses of both aggravated robbery, i.e., committed with a dangerous weapon, and use of a firearm to commit a felony. 435 U.S. 6, 9–12 (1978), superceded by statute, Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, § 1005(a), 98 Stat.

legislative directive" indicating that Congress intended both punishments.[23] Instead, our precedent establishes that § 3147 provides only a sentence enhancement and does not constitute an independent offense or an element thereof.[24] This analysis is consistent with the Supreme Court's decision in Apprendi, which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[25] Apprendi is inapplicable to "a fact used in sentencing that does not increase a penalty beyond the statutory maximum."[26] And, regardless of the fact that § 3147 calls for punishment "in addition to the sentence prescribed" for the underlying offense, the § 3147 enhancement can never result in a sentence in excess of the statutory maximum prescribed for the offense committed while on release, here

---

1976, 2138–39 (1984); see Busic v. United States, 446 U.S. 398, 404–05 (1980), superceded by statute, Comprehensive Crime Control Act § 1005(a) (re-affirming Simpson); see also United States v. Harris, 420 F.3d 467, 478 (5th Cir. 2005) (treating 18 U.S.C. § 924(c)(1) — use of a firearm during a crime of violence — as an independent offense that requires conviction by a jury).

[23] Simpson, 435 U.S. at 15–16.

[24] United States v. Jackson, 891 F.2d 1151, 1153 (5th Cir. 1989) (per curiam); see United States v. Patterson, 820 F.2d 1524, 1526 (9th Cir. 1987) (holding that § 3147 is a sentence enhancement and that the statute is not vague or ambiguous, but rather plain and clear).

[25] Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

[26] United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000) (per curiam); see United States v. McWaine, 290 F.3d 269, 276 (5th Cir. 2002) (adopting the reasoning that "Apprendi poses no obstacle to guideline calculations that do not result in a sentence exceeding the statutory maximum on any single count").

failure to appear.[27]  Our foregoing analysis of the subject sentencing scheme therefore stands without the need for any additional scrutiny.

Given the unambiguous statutory language — which does not lead to an "absurd" result[28] — we presume Congress intended the § 3146 offense and the § 3147 enhancement to interact in the manner that the plain text mandates.  If, hereafter, Congress "finds this result unpalatable, it is within its power to rewrite the existing statute."[29]

## III.  CONCLUSION

We conclude that, under 18 U.S.C. § 3147 and section 3C1.3 of the Guidelines, a defendant is subject to the enhancement for committing an offense while on release even if the defendant, while on release, commits only the offense of failure to appear in violation of 18 U.S.C. § 3146.  Accordingly, the district court did not err in sentencing Dison.

AFFIRMED.

---

[27] U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."); see United States v. Samuel, 296 F.3d 1169, 1175 (D.C. Cir. 2002) (concluding that despite the § 3147 language indicating that the enhancement requires a sentence "in addition to the sentence" for the underlying offense, "application of § 2J1.7 [the former version of § 3C1.3] can neither increase a defendant's sentence above the statutory maximum for the offense of conviction, nor expose him to the possibility of such an increase" (emphasis in original)); see also U.S. SENTENCING GUIDELINES MANUAL § 3C1.3, historical note, Reason for Amendment (2006) (indicating that the Commission relocated the § 3147 enhancement from section 2J1.7 to section 3C1.3 to "ensure[] the enhancement is not overlooked").

[28] See Crooks v. Harrelson, 282 U.S. 55, 60 (1930) ("[T]o justify a departure from the letter of the law upon th[e] ground [of absurdity], the absurdity must be so gross as to shock the general moral or common sense.").

[29] United States v. Benson, 134 F.3d 787, 788–89 (6th Cir. 1998); see Jacobs v. Nat'l Drug Intelligence Ctr., 548 F.3d 375, 378 (5th Cir. 2008) ("Congress is presumed to be aware of court decisions construing statutes and may, of course, amend a statute as a result.").