NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 12-2326
_____

UNITED STATES OF AMERICA

v.

LEVON GAUSE,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-11-cr-00006-001)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2013

Before: SMITH, GARTH, and SLOVITER, Circuit Judges

(Opinion Filed:  September 12, 2013)

_____

OPINION

_____

SLOVITER, <u>Circuit Judge</u>.

Levon Gause appeals the sentence imposed following his plea of guilty to failure to appear for a court proceeding, in violation of 18 U.S.C. § 3146. For the reasons that follow, we will affirm the judgment of sentence.[1]

I.

Gause was released with electronic monitoring after pleading guilty to one count of drug distribution in violation of 21 U.S.C. § 841. When he failed to appear for sentencing, a grand jury indicted him for violating 18 U.S.C. § 3146(a)(1), which punishes "[w]hoever, having been released under this chapter knowingly [ ] fails to appear before a court as required by the conditions of release." Gause was apprehended soon thereafter. He pled guilty to the § 3146 charge as well, and the two convictions were consolidated for sentencing.

To determine Gause's sentencing range under the 2011 Sentencing Guidelines ("Guidelines"), the District Court grouped the two counts, determined the base offense level of the drug charge, and applied an obstruction-of-justice enhancement to account for the failure to appear. The Court then applied a separate enhancement pursuant to 18 U.S.C. § 3147 and U.S.S.G. § 3C1.3 for conviction of an offense committed during release. The Court ultimately sentenced Gause to ninety months' imprisonment, of which

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

twelve were attributable to the § 3146 offense and another twelve to the § 3147 enhancement.

This appeal relates solely to the portion of the sentence attributable to the failure-to-appear offense and § 3147 enhancement.

## II.

Gause first claims that the District Court erred in applying § 3147. He argues that a § 3147 enhancement for commission of an offense while released does not apply when the only offense a defendant has committed is a § 3146 failure to appear. We exercise plenary review of the District Court's interpretation of the law and Guidelines. *See United States v. Richards*, 674 F.3d 215, 218 (3d Cir. 2012). [2]

Section 3147 provides:

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to—

(1) a term of imprisonment of not more than ten years if the offense is a felony; or

(2) a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147.

---

[2] This objection was raised below, contrary to the parties' representations in briefing.

Gause contends that failure to appear is not the kind of "offense" that § 3147 is meant to punish. Whether § 3147 applies to violations of § 3146 is a question of first impression in our circuit. Seven of our sister circuits have held that it does. *See United States v. Duong*, 665 F.3d 364, 367 (1st Cir. 2012); *United States v. Rosas*, 615 F.3d 1058, 1064-65 (9th Cir. 2010); *United States v. Dison*, 573 F.3d 204, 207-09 (5th Cir. 2009); *United States v. Clemendor*, 237 F. App'x 473, 478 (11th Cir. 2007); *United States v. Fitzgerald*, 435 F.3d 484, 486-87 (4th Cir. 2006); *United States v. Benson*, 134 F.3d 787, 788 (6th Cir. 1998). In general, they have reasoned that the terms of the statute are unambiguous. Section 3147 applies to defendants convicted of any "offense committed while released," and violation of § 3146 is an offense that "is—and can only be—'committed while released.'" *Duong*, 665 F.3d at 367. These decisions have held that, by its plain terms, § 3147 encompasses violations of § 3146 and must be enforced as written.

In the particular circumstances of this case, we agree. It is undisputed that Gause was "convicted of an offense committed while released." We have repeatedly found "that the language of § 3147 is clear and unambiguous," *United States v. Lewis*, 660 F.3d 189, 192 (3d Cir. 2011) (citing *United States v. Di Pasquale*, 864 F.2d 271, 280 (3d Cir. 1988)), and Gause gives us no basis for reaching a different conclusion. His only argument is that § 3147 could be read to apply either to offenses "under this chapter [207]" or to persons released "under this chapter [207]." It is patently clear, however, that § 3147 is not limited to Chapter 207 offenses, but rather applies to persons released

under Chapter 207 ("Release and Detention Pending Judicial Proceedings"). 18 U.S.C. Part II, Ch. 207. The ambiguity that Gause asserts does not exist.

"Where the statute is clear and unambiguous, the judicial inquiry is complete. . . ." *Lewis*, 660 F.3d at 193. Given the limited argument that Gause has presented, we cannot say that the District Court erred in applying § 3147 in this case.[3]

### III.

Secondly, Gause claims that the District Court erred in failing to consider whether the portion of his final sentence imposed for the § 3146 offense (including the § 3147 enhancement) fell within the guideline range for that offense. Because he did not raise this objection below, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); Fed. R. Crim. P. 52(b).

Gause is correct that the Guidelines commentary for § 3C1.3 – the provision that implements § 3147 – directs the sentencing court to ensure that the "total punishment" for the offense committed on release plus the § 3147 enhancement "is in accord with the

---

[3] It is troubling that § 3147 imposes an additional penalty for a fact that is already an element of the § 3146 offense (that the offense is committed during release). While duplicative sentencing enhancements are presumptively valid, *see United States v. Wong*, 3 F.3d 667, 670-71 (3d Cir. 1993), duplicative offenses raise double-jeopardy concerns and are presumed to be mutually exclusive, *see Simpson v. United States*, 435 U.S. 6, 15-16 (1978) (refusing to apply duplicative offense statute "absent a clear and definite legislative directive"), *superceded on other grounds by statute*, Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, § 1005(a), 98 Stat. 2138-39. For constitutional purposes, any fact that increases statutory punishment constitutes an offense element rather than a mere enhancement. *See, e.g., Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). Section 3147 would thus pose a double-jeopardy problem if it resulted in punishment beyond the statutory maximum for § 3146. In Gause's case, however, it did not. Furthermore, he has waived any argument on this front. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005).

[adjusted] guideline range for the offense committed while on release." *Id.* cmt. n.1.

This does not, however, require an explicit finding on the record. Even if it did, any error

the District Court committed would be harmless because the portion of Gause's sentence

attributable to the § 3146 offense and § 3147 enhancement – twenty-four months – is

actually below the applicable range for the offense.[4]

IV.

For the foregoing reasons, we will affirm the judgment of sentence.

---

[4] When the underlying charge is punishable by more than fifteen years, as was the drug charge here, the offense level for 18 U.S.C. § 3146 is 15. *See* U.S.S.G. § 2J1.6. The § 3C1.3 adjustment brings it to 18. Gause's criminal history level is III. The applicable adjusted range is 33-41 months. *See id.* § 5A. Even without the adjustment, the range would be 24-30 months. *Id.*