In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 15-1266 and 15-1271

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DESTRY J. MARCOTTE,

*Defendant-Appellant*.

_____

Appeals from the United States District Court
for the Southern District of Illinois.
Nos. 13 CR 30053 and 14 CR 30107 — **Michael J. Reagan**, *Judge*.

_____

ARGUED FEBRUARY 12, 2016 — DECIDED JUNE 16, 2016

_____

Before WOOD, *Chief Judge*, ROVNER, *Circuit Judge*, and
BLAKEY, *District Judge*.[*]

BLAKEY, *District Judge*. Five of our sister courts have held
that 18 U.S.C. §3147, through §3C1.3 of the Sentencing
Guidelines, can enhance a sentence for the crime of failing to

_____

[*] Of the Northern District of Illinois, sitting by designation.

appear under 18 U.S.C. §3146. *United States v. Duong*, 665 F.3d 364 (1st Cir. 2012); *United States v. Fitzgerald*, 435 F.3d 484 (4th Cir. 2006); *United States v. Dison*, 573 F.3d 204 (5th Cir. 2009); *United States v. Benson*, 134 F.3d 787 (6th Cir. 1998); and *United States v. Rosas*, 615 F.3d 1058 (9th Cir. 2010). Two others have reached the same conclusion, albeit in unpublished decisions. *United States v. Gause*, 536 Fed. Appx. 234 (3d Cir. 2013) (unpublished); *United States v. Clemendor*, 237 Fed. Appx. 473 (11th Cir. 2007) (unpublished). None has reached a different conclusion. Against this consensus, Appellant Destry J. Marcotte seeks to chart new territory in the Seventh Circuit on an issue of first impression here. We decline that invitation and **AFFIRM** the district court's sentence.

## I

On March 19, 2013, a Federal Grand Jury returned a five-count Indictment charging Marcotte with: (1) four counts of making a false claim for federal tax refunds, in violation of 18 U.S.C. §287 (Counts 1 to 4); and (2) one count of falsely pretending to be an officer of the United States to demand a thing of value, in violation of 18 U.S.C. §912 (Count 5). On August 26, 2013, the district court, acting on the Government's motion, dismissed Count 5 of the Indictment.

The tax fraud case went to trial and, on October 8, 2013, the jury returned a guilty verdict against Marcotte on Counts 1 to 4. The district court set the sentencing hearing for January 17, 2014, and later reset the hearing for May 1, 2014. In the interim, on November 7, 2013, the district court allowed Marcotte to be released on home confinement with electronic monitoring pending sentencing.

When Marcotte failed to show for his May 1, 2014 sentencing hearing, the district court issued a warrant for his arrest. On May 21, 2014, Marcotte was indicted for failure to appear for sentencing, in violation of 18 U.S.C. §3146(a)(1). Section 3146(a)(1) punishes the failure to appear before a court as required by a condition of release.

The U.S. Marshals Service arrested Marcotte on September 22, 2014. On October 30, 2014, Marcotte pled guilty to the failure to appear charge. The district court scheduled the sentencing hearing for February 4, 2015, on both the tax fraud and failure to appear cases.

On November 17, 2014, the probation office submitted an initial presentence report ("PSR") addressing Marcotte's two criminal cases. The initial PSR, in relevant part, recommended a 2-level enhancement under §3C1.1 of the Sentencing Guidelines, and a 3-level enhancement under §3C1.3 of the Sentencing Guidelines. On December 31, 2014, Marcotte filed his objections to the initial PSR, contesting the 3-level enhancement under §3C1.3.

Section 3C1.1 requires a 2-level enhancement when a defendant "willfully obstructed or impeded … [the] sentencing of the instant offense of conviction." Application Note 4 to §3C1.1 of the Sentencing Guidelines provides examples of covered conduct, including "willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. §3C1.1 cmt. 4(E).

Additionally, Section 3C1.3 requires a 3-level enhancement for violations of 18 U.S.C. §3147. Section 3C1.3 states in full:

> If a statutory sentencing enhancement under 18
> U.S.C. §3147 applies, increase the offense level by 3
> levels.

U.S.S.G. §3C1.3. Title 18 U.S.C. §3147, in turn, provides that a
defendant convicted of an offense while released shall be
subject to an additional punishment of no more than 10
years. Section 3147 states in relevant part:

> A person convicted of an offense committed while re-
> leased under this chapter [Chapter 207] shall be sen-
> tenced, in addition to the sentence prescribed for the
> offense to—
>
> (1) a term of imprisonment of not more than ten years
> if the offense is a felony[.]

On January 13, 2015, the Probation Office issued the final
PSR. The final PSR's recommendations set forth a criminal
history category of I for Marcotte. Applying §§3D1.2(c) and
(d) of the Sentencing Guidelines, the final PSR grouped the
four counts from the tax fraud case with the single count
from the failure to appear case, and calculated a total offense
level of 27. The final PSR broke down the total offense level
as follows:

| Category | Description | Level |
|----------|-------------|-------|
| Base Level | Tax fraud in violation of 18 U.S.C. § 287. U.S.S.G. §§2T1.1 and 2T4.1. | 20 |
| Specific Offense Characteristics | Marcotte failed to report a source of income exceeding $10,000 from criminal activity. U.S.S.G. §2T1.1(b)(1). | +2 |

| Obstructing or Impeding the Administration of Justice | Marcotte willfully obstructed or impeded the administration of justice by failing to appear for his May 1, 2014 sentencing hearing. U.S.S.G. §3C1.1. | +2 |
|---|---|---|
| Commission of Offense While on Release | Marcotte committed a new offense, that is, failure to appear under 18 U.S.C. §3146(a)(1), while on release for four counts of tax fraud. 18 U.S.C. §3147; U.S.S.G. §3C1.3. | +3 |

On February 4, 2015, the district court held the consolidated sentencing hearing. Following the final PSR's recommendation, the district court accepted the criminal history category of I and the total offense level of 27, resulting in an advisory guideline sentence range of 70 to 87 months. The district court then imposed a 78-month sentence, which fell within the advisory guideline range. The district court divided the sentence into: (1) concurrent 50-month sentences for each of Counts 1 through 4 of the tax fraud case; and (2) a consecutive 28-month sentence for the failure to appear case.

The district court entered judgment on the failure to appear case on February 9, 2015, and on the tax fraud case the next day. This timely appeal followed.

## II

Marcotte raises a limited objection to his sentence, arguing that the district court erred by imposing the 3-level enhancement under §3C1.3 of the Sentencing Guidelines. Had the district court struck the enhancement, Marcotte's total offense level would have been 24, resulting in a lower advisory guideline sentence range: 51 to 63 months. "We review

the district court's interpretation of the Guidelines *de novo*, and review for clear error the factual determinations underlying the district court's application of the Guidelines." *United States v. Grzegorczyk*, 800 F.3d 402, 405 (7th Cir. 2015) (citing *United States v. Harper*, 766 F.3d 741, 744 (7th Cir. 2014)).

Marcotte first argues that 18 U.S.C. §3147 (and §3C1.3 of the Sentencing Guidelines, in turn) does not apply to him. When addressing questions of statutory interpretation, we begin with the text of the statute. *Precision Industries, Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 543-44 (7th Cir. 2003). When a statute is unambiguous, our inquiry "starts and stops" with the text. *United States v. All Funds on Deposit with R.J. O'Brien & Associates*, 783 F.3d 607, 622 (7th Cir. 2005); *Precision Industries*, 327 F.3d at 544.

Here, the statutory language is plain and unambiguous. Section 3147 provides, without exception, that a defendant such as Marcotte "convicted of an offense committed while released under this chapter [Chapter 207] shall" be subject to an additional punishment of no more than 10 years. Not appearing for sentencing in violation of 18 U.S.C. §3146, of course, is an "offense" under Chapter 207 of Title 18, and it is "committed while released." We see nothing unreasonable about this interpretation. Nor have any of our sister courts. *Duong*, 665 F.3d at 366-67; *Rosas*, 615 F.3d at 1064-65; *Dison*, 573 F.3d at 207-08; *Fitzgerald*, 435 F.3d at 486-87; *Benson*, 134 F.3d at 788; *see also Gause*, 536 Fed. Appx. at 236-37; *Clemendor*, 237 Fed. Appx. at 477-78. We, in fact, credited three of these decisions in *United States v. Rigsby*, 501 Fed. Appx. 545, 550 (7th Cir. 2013) (unpublished).

The plain and unambiguous language of the statute prevents us from proceeding to consider other canons of construction. *In re Baker*, 430 F.3d 858, 860 (7th Cir. 2005). We need not consider the canon that a more specific statute receives precedence over a more general one. Likewise, we need not consider the rule of lenity, which requires that an ambiguous criminal statute be construed in favor of the defendant because criminal statutes must provide fair warning concerning conduct rendered illegal. *United States v. Patel*, 778 F.3d 607, 618 (7th Cir. 2015). When a statute remains ambiguous even after considering its text, context, structure, history and purpose, then—and only then—the rule of lenity may apply. *Barber v. Thomas*, 560 U.S. 474, 488 (2010); *Patel*, 778 F.3d at 618. But that is not the case here. The rule of lenity is designed to help resolve ambiguities, not create them. In sum, there is no need to venture beyond the text of §3147 in this case.

Marcotte's two remaining arguments also lack merit. Marcotte argues that the district court engaged in impermissible double counting by imposing two enhancements for the same misconduct—his failure to appear.

The Sentencing Guidelines, however, expressly permit cumulative guideline enhancements for the same misconduct. Under Application Note 4(B) to §1B1.1 of the Sentencing Guidelines, enhancements under Section 3 (and elsewhere) are applied "cumulatively" even when "triggered by the same conduct." Consider a defendant who shoots a police officer during the commission of a robbery. Such conduct, according to Application Note 4(B), may warrant both an injury enhancement under §2B3.1(b)(3) and an official victim adjustment under §3A1.2 of the Sentencing Guide-

lines. Thus, cumulative application of enhancements is the "default rule … unless a specific guideline instructs otherwise." *United States v. Vizcarra*, 668 F.3d 516, 520 (7th Cir. 2012).

Here, the Sentencing Guidelines do not prohibit cumulative application of §3C1.1 and §3C1.3 (indeed, Marcotte cannot identify any contrary guideline), so the district court did not err in applying both. For the same reason, the Fifth and Ninth Circuits also have rejected the same double counting argument. *Dison*, 573 F.3d at 208; *Rosas*, 615 F.3d at 1065.

Marcotte, believing that he has been twice punished for the same offense, last argues that imposing an enhancement under §3147 and §3C1.3 of the Sentencing Guidelines violates the Double Jeopardy Clause of the Fifth Amendment. But Marcotte mistakes the scope of the Clause in two ways.

First, the Supreme Court has historically found double jeopardy protections inapplicable to sentencing proceedings, refusing to construe sentence enhancements as additional punishments. *Monge v. California*, 524 U.S. 721, 728 (1998); *see also Fitzgerald*, 435 F.3d at 487 (analyzing *Monge* in the context of §3C1.3 of the Sentencing Guidelines). Here, §3147, as promulgated under §3C1.3 of the Sentencing Guidelines, creates a sentence enhancement. *Dison*, 573 F.3d at 209; *Fitzgerald*, 435 F.3d at 487; *see generally United States v. Sturman*, 49 F.3d 1275, 1283 (7th Cir. 1995) (describing what is now §3C1.3 as an "enhancement"). Section 3C1.3 of the Sentencing Guidelines thus falls outside the purview of the Double Jeopardy Clause.

Second, even if §3147 can be construed as an additional punishment, the Double Jeopardy Clause only forbids the

sentencing court from prescribing greater punishment than Congress intended. *Missouri v. Hunter*, 459 U.S. 359, 365-68 (1983); *Boyd v. Boughton*, 798 F.3d 490, 497-98 (7th Cir. 2015). It does not forbid, as Marcotte assumes, Congress from authorizing multiple punishments for the same conduct in the same proceeding. *Boyd*, 798 F.3d at 497-98, 501. As explained above, Congress, through §3147 and §3C1.3 of the Sentencing Guidelines, permits cumulative punishments based on a defendant's failure to appear while released. *See Rosas*, 615 F.3d at 1065 (analyzing *Missouri* in the context of §3C1.3 of the Sentencing Guidelines, and reaching the same conclusion); *Dison*, 573 F.3d at 208 & n.18 (same).

For completeness, we note the contrary views set forth by the dissents in *Fitzgerald* (4th Circuit) and *Benson* (6th Circuit). We do not find these compelling, however, in light of the plain language of 18 U.S.C. §3147 and the well-settled rule that the Sentencing Guidelines are, by default, cumulative, absent express language to the contrary. Underpinning both dissents is *Simpson v. United States*, 435 U.S. 6 (1978), a pre-Guidelines case addressing two statutes that together created cumulative enhancements for the crime of robbery with a firearm: 18 U.S.C. §§924(c) and 2113(d). Wanting to avoid double jeopardy concerns, the Court in *Simpson* applied the interpretative principle that Congress is presumed to have intended the specific statute to take precedence over the general one. In response to *Simpson*, Congress amended §924(c) to expressly permit cumulative enhancements for committing a crime with a firearm. *See Fitzgerald*, 435 F.3d at 489 (King, J., dissenting) (discussing the Congressional history of §924(c)). No such amendments are necessary here, however, because Congress has already approved cumula-

tive punishments as the "default rule" in the Sentencing Guidelines through Application Note 4(B) to §1B1.1. *Vizcarra*, 668 F.3d at 520. So the motivating concerns in *Simpson* are not present here.

The district court did not err in imposing an enhancement under §3C1.3 of the Sentencing Guidelines.[1]

## III

Today we become the sixth Court of Appeals to hold that 18 U.S.C. §3147, through §3C1.3 of the Sentencing Guidelines, can enhance a sentence for the crime of failing to appear under 18 U.S.C. §3146. Accordingly, the district court's sentence is **AFFIRMED**.

---

[1] Marcotte alternatively argues that the district court failed to properly apportion on the judgment form the 78-month sentence between the underlying offense and the enhancement, as required by Application Note 1 to §3C1.3 of the Sentencing Guidelines. Not only did Marcotte fail to develop this argument, thereby waiving it, *see United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006), but also any error is harmless. *See United States v. Wilson*, 966 F.2d 243, 249 (7th Cir. 1992) (concluding that a remand is not warranted when a mistake does not affect the district court's selection of the sentence imposed).