# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11100

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HERBERT JENA,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-186

Before REAVLEY, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

A jury convicted Herbert Jena, currently federal prisoner # 36370-177, of two charges arising from his preparation of tax returns. The district court entered judgment. While his direct appeal was pending, Jena filed in the district court a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The district court denied the motion, and Jena filed the current appeal. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11100

PROCEDURAL BACKGROUND

Jena was indicted for offenses relating to his tax-preparation business, which had multiple locations in the Dallas and Fort Worth area. A jury found Jena guilty of two of the counts in his indictment, one for conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and the other for obstruction of justice under 18 U.S.C. § 1503. Jurors were unable to reach a verdict on 24 other counts, and the district court declared a mistrial on those. In November 2010, Jena appealed his conviction and sentence, and we affirmed. *United States v. Jena,* 478 F. App'x 99, 101 (5th Cir. 2012).

In January 2012, before this court affirmed his conviction, Jena filed a motion for new trial in district court. He asserted two grounds for a new trial. The district court denied his motion, and Jena brought the current appeal.

In his first ground for a new trial, Jena claimed that he had newly discovered evidence in the form of a CD delivered from Yahoo!. Jena alleges he could have used the evidence to impeach witness Kara Garner. The obstruction of justice charge was based in part on evidence that Jena caused fraudulent employee termination letters to be delivered to the government. At trial, Garner testified that after Jena learned the IRS was investigating his business for fraudulent activities, he had asked her to create termination letters for employees he alleged were perpetrating the fraud. She testified that she had emailed them to Jena, that he had sent them back to be backdated, and that Garner had hand-delivered them upon completion. According to Jena, the government relied extensively on the factual assertion that Garner communicated about the fraudulent documents through email. The new evidence from Yahoo! allegedly establishes that Garner never emailed the back-dated termination letters to him as she testified.

2

No. 13-11100

In his second ground for relief, Jena asserted that the government suppressed evidence that he could have used to impeach Aurora Perez and Nancy Munoz. During the trial, these witnesses denied that they had gone to work for Jena's partner, Kudzai Mangoma, or that that they had prepared tax returns for him at a different location. Jena contends that the IRS has evidence showing that Perez and Munoz submitted tax returns using Mangoma's electronic filing identification numbers, potentially indicating that their testimony was false. According to Jena, if he had been given access to these materials, he could have impeached the witnesses' testimony and supported his theory that Mangoma had conspired with or directed the employees to falsify returns and that Jena had been unaware of the fraud.

DISCUSSION

This court reviews the denial of a motion for a new trial for an abuse of discretion. *United States v. Infante*, 404 F.3d 376, 387 (5th Cir. 2005). We consider an alleged *Brady* violation de novo. *United States v. Turner*, 674 F.3d 420, 428 (5th Cir. 2012). To receive a new trial based on newly discovered evidence, Jena must show that (1) the evidence was newly discovered and was not known to him at the time of his trial, (2) his failure to discover the evidence earlier was not due to a lack of diligence on his part, (3) the evidence was not simply cumulative or impeaching, (4) the evidence was material, and (5) the evidence in question would likely produce an acquittal if introduced at a new trial. *See United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011). To prevail on a *Brady* claim, Jena must show that the government: (1) suppressed evidence, (2) that was favorable to the defense, and (3) that was material. *See Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994) (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).

3

No. 13-11100

Jena has not made the requisite showings.  With respect to the allegedly non-existent emails from Garner, Jena could at most have used that evidence to try to impeach Garner on how she delivered the fraudulent termination letters.  Jena did not dispute that he directed Garner to type the letters, and the email records were irrelevant to that central incriminating fact.  A district court does not abuse its discretion by denying a new trial based on newly discovered evidence that serves only to impeach a witness.  *United States v. Villarreal*, 324 F.3d 319, 325-26 (5th Cir. 2003).  The district court found that the evidence was not material given the peripheral relevance of the mode of delivery of the termination letters and the minimal effect such evidence would have on the question whether Jena directed the creation of false evidence to be provided to the government. *See United States v. Barraza*, 655 F.3d 375, 380 (5th Cir. 2011) (indicating that evidence is material if there would have been a reasonable probability of a different result if it had been presented).

Likewise, Jena has not shown that the evidence usable to impeach Munoz and Perez was either material or exculpatory. *See Lawrence*, 42 F.3d at 257.  The question whether either witness worked for Mangoma in his separate tax preparation business is peripheral to the question whether Jena directed them to include false information on tax returns. Thus, he has not shown a reasonable probability of a different outcome. *See Barraza*, 655 F.3d at 380.  Additionally, the evidence would have simply corroborated a defense that was presented at trial and rejected, which does not warrant a new trial. *See United States v. Shugart*, 117 F.3d 838, 847-48 (5th Cir. 1997).  Finally, even if Jena is able to show that Munoz and Perez worked for Mangoma individually, and even if he establishes that Munoz and Perez engaged in the same fraudulent activity while performing that work, this does not negate the evidence that Jena also directed the employees to falsify tax returns.

Jena also argues that the government elicited false testimony.   "[A] conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  A district court's "grant of a new trial based upon a *Napue* violation is proper only if (1) the statements in question are shown to be actually false; (2) the prosecution knew that they were false; and (3) the statements were material."  *United States v. O'Keefe,* 128 F.3d 885, 893 (5th Cir. 1997) (citing *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir.1993)).  We also have held that a new trial should be granted if the government knew or should have known the testimony it was offering was false and "there is *any reasonable likelihood* that the false testimony affected the judgment of the jury."  *United States v. Wall,* 389 F.3d 457, 473 (5th Cir. 2004) (citing *United States v. MMR Corp.*, 954 F.2d 1040, 1046-47 (5th Cir.1992)); *see also id.* ("if the government used false testimony that it knew or should have known was false, then the standard applied for newly discovered evidence is slightly more lenient.").

Jena has not established those elements.  Even if the Yahoo! CD is devoid of emails from Garner to Jena, it fails to prove they were never sent.  Similarly, even if the EFIN numbers show Perez and Munoz filed tax returns using those numbers, it does not prove that they worked directly for Mangoma.  Jena also has no evidence that the government knew whether Garner actually sent the emails or whether Perez and Munoz had previously worked for Mangoma.  Finally, neither piece of evidence is material as discussed above.

Jena has not established that the district court abused its discretion in denying his motion for a new trial.  *See Infante,* 404 F.3d at 387.  Although Jena presented other allegations of newly discovered or suppressed evidence in the district court, he does not raise them before this court, and they are

No. 13-11100

therefore deemed abandoned. See *United States v. Flores*, 63 F.3d 1342, 1374 n.36 (5th Cir. 1995).

Consequently, the judgment of the district court is AFFIRMED.